# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| THERMAPURE, INC. | § | |
| | § | |
| vs. | § | CASE NO. 2:06-CV-453 |
| | § | |
| WATER OUT DRYING CORP. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court are various post-trial motions. The court's rulings on each are detailed herein.

**A.     Thermapure's Motion for Entry of Partial Judgment, for a New Trial on Damages, and for a Permanent Injunction (Dkt. No. 127); Water Out Drying Corp.'s Alternative Motion for New Trial (Dkt. No. 130)**

The court tried this case to a jury in March 2009. On March 20, 2009, the jury returned a partial verdict, finding that Water Out induced infringement of claim 6 of the '812 patent and that the '812 patent was not invalid. The jury failed to reach a verdict on the issue of damages. Thermapure requests that the court render partial judgment on infringement and validity. In addition, Thermapure requests that the court issue a permanent injunction on the jury's infringement finding. Finally, Thermapure argues that any new trial should be limited to the issue of damages. Water Out contests Thermapure's motion. Water Out argues that the court should order a new trial on all issues, including infringement, validity, and damages. Water Out also contends that Thermapure is not entitled to a permanent injunction.

When a jury fails to unanimously agree on some of the answers to a special verdict, the trial court has several procedural options prior to dismissing the jury. *Baxter Healthcare Corp. v. Spectramed, Inc.*, 49 F.3d 1575, 1580-81 (Fed. Cir. 1995). One option is for the trial judge to direct the entry of final judgment with respect to those questions upon which the jury unanimously agreed,

and to order a partial retrial only as to those issues that were not unanimously agreed upon by the jury. *Id*. at 1581. A new trial on part of the issues is proper if "it clearly appears that the issue to be retried is so distinct and separate from the others that a trial of it alone may be had without injustice." *Gasoline Prods. Co. v. Champlin Refining Co.*, 283 U.S. 494, 500 (1931).

Here, Water Out contends that the damages question is so intertwined with liability issues that a new trial on damages alone may not be had without injustice. Water Out contends that a "a defendant's liability for indirect infringement must relate to identified instances of direct infringement." *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1275 (Fed. Cir. 2004). Although Water Out's statement of the law of indirect infringement is accurate, the case law suggests that a new trial may be limited to damages alone under these circumstances.

In *Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus., Inc.*, 1 F. App'x 879 (Fed. Cir. 2001) (unpublished), the Federal Circuit reviewed a district court's summary judgment on lost profits damages for induced infringement. *Id.* at 881. Procedurally, the district court had previously awarded the patentee summary judgment on the issue of induced infringement, and the Federal Circuit had affirmed that decision. *Id.* On remand, the district court proceeded to render summary judgment on lost profits damages. *Id.* The Federal Circuit reversed. The court stated:

> It is well settled that there can be no inducement of infringement without direct infringement by some party. *Met-Coil Sys. Corp. v. Korners Unlimited, Inc.*, 803 F.2d 684, 687 (Fed. Cir. 1986). Thus our prior decision in *Chiuminatta II* necessarily found that at least one person directly infringed the '675 patent by using the Green Machine saw during the patented timeframe. However, although a single direct act of infringement is sufficient to satisfy the inducement of infringement analysis, a *separate damages analysis must still be performed.*

*Id.* at 882 (emphasis added). By this passage, the Federal Circuit implies that the liability and damages issues in an inducement case are separate, and can (and must) be performed separately.

2

Consisting with this holding, the Federal Circuit remanded the case because a fact issue existed on the issue whether each sale of the accused product was used in an infringing manner. *Chiuminatta*, 1 F. App'x at 884.

The district court followed a similar approach in *ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307 (Fed. Cir. 2007). There, a jury found that the defendants induced infringement of two patents. *Id.* at 1311 The damages verdict failed to apportion damages between the two patents. *Id.* After the verdict, the district court concluded that one of the patents was invalid. *Id.* The district court granted a new trial on damages alone resulting from inducement. *Id.* Although the Federal Circuit reversed the judgment on inducement, it did so because of a lack of sufficient evidence proving direct infringement. *Id.* at 1314.

In this case, the jury returned a verdict that Water Out induced infringement of claim 6 of the '812 patent. The jury therefore found that at least one of the Water Out licensees has used the process in an infringing manner and that Water Out actively induced the infringement. The court will not revisit those findings, and Thermapure is entitled to partial judgment of infringement. The court will therefore grant a new trial on damages, and the new jury will need to determine the extent of the damages in accordance with the holding in *Chiuminatta*.

With respect to the remaining issues, the court agrees with the plaintiff that judgment should be rendered in its favor on the issue of validity. The court carries the plaintiff's request for a permanent injunction with the case. The court will decide the propriety of injunctive relief after the damages issue has been resolved. Thermapure's Motion for Entry of Partial Judgment, for a New Trial on Damages, and for a Permanent Injunction (Dkt. No. 127) is therefore granted in part and denied in part. Water Out's Alternative Motion for a New Trial (Dkt. No. 130) is denied.

3

**B.     Water Out Drying Corp.'s Motion for Judgment as a Matter of Law Regarding Infringement (Post Verdict) (Dkt. No. 128)**

The court denies Water Out's motion. A motion for judgment as a matter of law is proper only when a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for that party on that issue. Fed. R. Civ. P. 50(a). In this case, considering the entire record, the jury had a legally sufficient evidentiary basis to find that Water Out induced the infringement of claim 6 of the '812 patent. Accordingly, the motion for judgment as a matter of law (Dkt. No. 128) is denied.

**C.     Water Out Drying Corp.'s Motion for Judgment as a Matter of Law Regarding Damages (Post Verdict) (Dkt. No. 129)**

The court denies Water Out's motion for judgment as a matter of law regarding damages (Dkt. No. 129). Considering the entire record, sufficient evidence would have supported a finding of damages as a result of Water Out's induced infringement of the '812 patent, claim 6.

**D.     Conclusion**

The court grants in part and denies in part Thermapure's motion for entry of partial judgment, for a new trial, and for a permanent injunction (Dkt. No. 127). The court will limit the scope of the new trial to damages in accordance with this opinion. The defendant's motions for judgment as a matter of law (Dkt. Nos. 128, 129) are denied. The case is set for jury selection on March 1, 2010. The court will conduct a pre-trial conference on February 23, 2010 at 1:30 p.m. The parties are directed to meet and confer on an appropriate scheduling order, to be submitted within ten (10) days from the entry of this order, facilitating the new trial date.

SIGNED this 13th day of November, 2009.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE